1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MANUEL MACHADO ALVAREZ,

11            Petitioner,                    No. CIV S-97-1895 GEB KJM

12        vs.                                DEATH PENALTY CASE

13   STEVEN W. ORNOSKI,
     Acting Warden of San Quentin
14   State Prison,
              Respondent.                    ORDER
15
     _____/
16

17         Petitioner's motion to amend the first amended petition came on for hearing May

18   24, 2006 before the undersigned.  Harry Simon and Jennifer Corey appeared for petitioner.  Lee

19   Seale appeared for respondent.  Upon review of the motion and the documents in support and

20   opposition, upon hearing the arguments of counsel and good cause appearing therefor, the court

21   finds and orders as follows.

22         Petitioner moves to amend the petition to include a new claim, claim DDD,

23   challenging the lethal injection protocol and to supplement the factual basis for sixteen existing

24   claims: D, FF, GG, II, JJ, LL, OO, PP, QQ, RR, SS, TT, UU, VV, WW and ZZ.  Respondent

25   challenges amendment on three grounds.  First, he argues that amending the petition would be

26   futile because the new claim is unexhausted and the new facts render unexhausted all the claims

1

1  to which they apply.  Second, he argues petitioner has unreasonably delayed raising these claims.

2  Finally, he asserts a statute of limitations bar to the lethal injection claim.[1]

3  I.       Legal Standards

4          A petition for writ of habeas corpus "may be amended or supplemented as

5  provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Generally,

6  leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Courts

7  recognize a strong policy permitting amendment.  Gabrielson v. Montgomery Ward & Co., 785

8  F.2d 762, 765 (9th Cir. 1986).  In analyzing a motion to amend, courts should consider five

9  factors:  "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and

10  whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845

11  (9th Cir. 1995); Foman v. Davis, 371 U.S. 178 (1962).  A motion to amend may be denied on

12  just one of these grounds.  Swanson v. United States Forest Service, 87 F.3d 339, 345 (9th Cir.

13  1996) (undue delay); Bonin v. Vasquez, 807 F. Supp. 586 (C.D. Cal. 1992) (prior opportunity to

14  amend); Bonin, 59 F.3d at 845 (futility).  However, the Court of Appeals also has recognized that

15  delay alone may not justify denying leave to amend:  "where there is a lack of prejudice to the

16  opposing party and the amended complaint is obviously not frivolous, or made as a dilatory

17  maneuver in bad faith, it is an abuse of discretion to deny such a motion."  Hurn v. Retirement

18  Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981).  Moreover, prejudice often is considered the

19  "crucial" factor:

20  /////

21  /////

22  /////

23  /////

24  /////

25

26  [1] At oral argument, respondent's counsel made clear that respondent is not alleging a statute of limitations problem with the addition of facts to existing claims.

> Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186-87 (noting that party opposing amendment "bears the burden of showing prejudice").

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

II.    Amendment to Add Factual Allegations

A.    Delay

A quick look at the procedural background of this case shows a substantial delay between the filing of the first amended petition and this request to amend it.  That said, the history of this case is unique and complicated.  A detailed understanding of the proceedings is necessary to consider why petitioner has filed a motion to add factual allegations to sixteen claims at this point in the proceedings and whether the timing of his motion is the result of delay.

1. Timeline

| 1997 | October 6 | United States Supreme Court denies certiorari review of California Supreme Court's denial of petitioner's appeal. |
| | October 8 | Petitioner initiates this federal proceeding by filing a motion for appointment of counsel. |
| | October 10 | Federal Defender appointed to represent petitioner. Assistant Federal Defender Connie Alvarez is assigned the case as petitioner's sole federal court counsel. |
| 1998 | September 15 | Federal habeas corpus petition filed. |
| | September 23 | Petitioner's federally appointed counsel files habeas corpus petition on petitioner's behalf in California Supreme Court after petitioner's state-appointed counsel abandon the case. |
| | October 28 | California Supreme Court denies summarily petitioner's habeas petition. |
| | November 2 | Petitioner files amended federal petition. |

| | | | |
|---|---|---|---|
| 1 | 1999 | September 30 | Respondent files answer to amended federal petition. |
| 2 | 2000-2002 | | Litigation of numerous discovery motions and procedural bar issues. |
| 3 | | | |
| 4 | 2002 | May 6 | Petitioner's federal counsel seeks a continuance based on her health.  She explains that she has been diagnosed with a serious, debilitating illness. |
| 5 | | | |
| 6 | 2002-2004 | | Petitioner's counsel seeks, and receives, numerous extensions of time primarily to prepare the motion for an evidentiary hearing.  Respondent does not oppose any of these requests.  In 2002, the Federal Defender's Office assigns another attorney to help with the case but all involved remain hopeful that Ms. Alvarez, who knows the case thoroughly by this point, will recover and be able to continue to represent petitioner. |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | 2004 | November 9 | Petitioner files motion for evidentiary hearing. |
| 11 | 2005 | May | Due to her health, Ms. Alvarez retires from the Federal Defender's Office. |
| 12 | | | |
| 13 | | December | Assistant Federal Defender Harry Simon replaces Ms. Alvarez as petitioner's lead counsel. |
| 14 | 2004-2006 | | Respondent requests, and receives, nine extensions of time to file an opposition to the motion for evidentiary hearing.  The opposition is currently due on July 5, 2006, over 19 months after petitioner first filed the motion. |
| 15 | | | |
| 16 | | | |
| 17 | 2006 | April 3 | Petitioner files the present motion to amend the petition. |
| 18 | ///// | | |
| 19 | ///// | | |
| 20 | ///// | | |
| 21 | ///// | | |
| 22 | ///// | | |
| 23 | ///// | | |
| 24 | ///// | | |
| 25 | ///// | | |
| 26 | ///// | | |

4

1    2. Analysis of Delay[2]

2    As is evident from the timeline above, two major events caused petitioner's

3    motion to amend the petition to arrive here in 2006.  First, petitioner's state court counsel failed

4    to file a timely state habeas petition.  Despite reminders from federal habeas counsel about the

5    necessity of filing to stop the running of the statute of limitations, state counsel did not file.  See

6    Ex. 5 to Mot. to Amend, Decl. of Connie Alvarez ("C. Alvarez Decl."), at 1-2.  This abdication

7    of state counsel's duty to petitioner required that federal counsel to step in to file state and federal

8    habeas petitions to protect petitioner's rights.  Id. at 2.  Thereafter, petitioner's counsel spent

9    years through discovery and in investigations to obtain information that was presented here in

10   November 2004 in support of petitioner's motion for an evidentiary hearing.

11   The second event was petitioner's counsel's illness.[3]  When she became ill, Ms.

12   Alvarez had been petitioner's sole federal attorney for approximately five years.  C. Alvarez

13   Decl. at 1.  She had prepared the state and federal petitions, conducted investigations, litigated

14   and conducted a great deal of discovery, and can be presumed to have known the case

15

16   [2] Respondent also points out, without analysis, that petitioner has already had one
     opportunity to amend the petition.  This argument is not particularly well taken.  Petitioner
17   amended the federal petition shortly after filing the original petition.  The purpose was solely to
     include newly exhausted claims.  At that point, as respondent well knows, petitioner was unable
18   to conduct any discovery on the federal petition.  See Calderon v. United States District Court, 98
     F.3d 1102 (9th Cir. 1996) (pre-petition discovery impermissible).  Petitioner also had no
19   opportunity to conduct discovery during the very brief state court habeas proceeding in 1998.
     See People v. Gonzales, 51 Cal. 3d 1179, 1258 (1990) (formal discovery not available on state
20   habeas corpus until after an order to show cause has issued), superseded by statute as stated in In
     re Steele, 32 Cal.4th 682, 690 (2004) (Gonzales superseded by statute effective Jan. 1, 2003).
21   Moreover, the cases cited by respondent do not support his argument.  E.g., Griggs v. Pace
     American Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999) (court reverses district court's denial of
22   motion to amend); United States Labor Party v. Oremus, 619 F.2d 683, 692 (7th Cir. 1980)
     (denial of leave to amend post-judgment); Bonin, 807 F. Supp. at 586-90 (motion to amend
23   denied for various reasons, including that it was made after case was under submission and
     without justification for delay).
24
     [3] Ms. Alvarez's illness is described in documents made a matter of record.  See Alvarez
25   Decl., Ex. 5 to May 6, 2002 Request for Continuance of Hearing; May 28, 2003 Joint Stipulation
     to Granting Petitioner's Request for Extension of Time; and requests for extensions of time dated
26   May 7, 2004, Aug. 12, 2004, and Sept. 9, 2004.

1  thoroughly.  Id. at 1-3.  Petitioner, this court, the Office of the Federal Defender, and respondent

2  all had an interest in allowing Ms. Alvarez to continue to represent petitioner rather than finding

3  new counsel who would be required to spend a good deal of time, and money, familiarizing

4  himself or herself with petitioner's case.  Because Ms. Alvarez's prognosis was not clear, it made

5  sense to all involved to continue these proceedings until she was sufficiently recovered to

6  represent petitioner fully.  See id. at 3.   While the Office of the Federal Defender assigned

7  second counsel to the case in 2002, Ms. Corey never assumed full management of the case.  Id. at

8  4.  Respondent's counsel was gracious and understanding in agreeing, without exception or

9  conditions, to each extension of time requested by petitioner's counsel.

10        Of course one of the purposes of the habeas statute, as amended in 1996 by the

11  Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), is "to reduce delays in the

12  execution of state and federal criminal sentences, particularly in capital cases."  Rhines v. Weber,

13  544 U.S. 269, 276 (2005) (citations omitted).  However, given the uniqueness of this case,

14  petitioner should not be prejudiced by the long and unexpected illness of his counsel.  To bar

15  amendment, delay must be "undue."  Foman, 371 U.S. at 182.  In addition, courts often weigh the

16  delay against the prejudice to the opposing party.  See Hurn, 648 F.2d at 1254; In re Circuit

17  Breaker Litigation, 175 F.R.D. 547, 550 (C.D. Cal. 1997) ("while '[u]ndue delay is a valid reason

18  for denying leave to amend,' 'delay is usually not sufficient alone to deny a motion to amend'");

19  but see Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.

20  1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend. Contrary to

21  plaintiff's assertion, prejudice to the opposing party need not also be shown.").  Respondent relies

22  upon a few cases that cite delay as the sole basis for denying a motion to amend.  However, they

23  are not on point.  In both cases, the delay was "without explanation."  Anthony v. Cambra, 236

24  F.3d 568, 577 (9th Cir. 2000); Swanson, 87 F.3d at 345 ("because of [a party's] inexplicably late

25  filing of its motion to amend, we find that the district court's denial of the motion was proper").

26  /////

1    In his opposition, respondent makes no assertion of the "crucial" factor, prejudice.

2  See Eminence Capital, 316 F.3d at 1052.  And prejudice is not evident.  Respondent has been

3  aware of petitioner's factual allegations since petitioner filed his motion for an evidentiary

4  hearing in November 2004.  Respondent also has been agreeable to the many extended delays in

5  these proceedings caused by petitioner's counsel's illness.  Respondent does not, and cannot,

6  assert that petitioner has delayed or intends to delay these proceedings in bad faith.  "'Delay that

7  is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in

8  and of itself to disallow an amendment of a pleading.'"  Carmona v. Toledo, 215 F.3d 124, 136

9  (1st Cir. 2000) (quoting Tefft v. Seward, 689 F.2d 637, 639 n.2 (6th Cir. 1982)).  All things

10  considered, the undersigned finds the delay in bringing this motion provides insufficient grounds

11  to deny it.

12         B.  Futility/Exhaustion

13         Respondent next argues that the addition of facts to existing claims is futile

14  because the new facts render those claims unexhausted.[4]  In the past, a petitioner had two choices

15  when some claims were determined to be unexhausted.  Either the entire petition could be

16  dismissed under Rose v. Lundy, 455 U.S. 509 (1982), or petitioner could withdraw the

17  unexhausted claims as described in Jackson v. Roe, 425 F.3d 654, 658-59 (9th Cir. 2005). The

18  Supreme Court recently held that a mixed petition need not necessarily be dismissed.  Instead,

19  upon a showing of good cause, a federal court may stay the proceedings on the mixed petition

20  and hold the case in abeyance pending exhaustion in state court.  Rhines, 544 U.S. at 278.  After

21  Rhines, then, the addition of unexhausted claims to a petition may not necessarily be futile.  The

22  question is whether stay and abeyance is appropriate.

23         Petitioner contends, incorrectly, that the court may proceed on the mixed petition,

24  rather than staying it.  Instead, if the federal court is confronted with a mixed petition, the options

25

26         [4] Respondent's brief was not clear on this point.  At oral argument counsel clarified that
he asserts that all sixteen claims to which new facts have been added are unexhausted.

1    are stay/abeyance under <u>Rhines</u>, dismissal of the petition under <u>Rose</u>, or withdrawal of the

2    unexhausted claims as described in <u>Jackson</u>.  These are the only procedures that comport with the

3    comity principles underlying the exhaustion doctrine.  Additionally, practically speaking,

4    continuing to litigate this case pending exhaustion of some claims makes no sense from the

5    standpoint of judicial economy.  A determination of whether or not an evidentiary hearing is

6    necessary is not possible if many of the claims upon which a hearing is sought are back before

7    the state court.  In particular, the pendency of state proceedings will prevent consideration of the

8    argument that petitioner "failed to develop the factual basis" of the claims in state court under

9    28 U.S.C. § 2254(e)(2).

10          Because petitioner did not seek stay and abeyance, the parties have not sufficiently

11   briefed this issue.  In addition, respondent has made only a generalized argument that all claims

12   affected by the newly added facts are unexhausted.  Indeed, at oral argument, respondent's

13   counsel admitted he had not compared the proposed second amended petition with the first

14   amended petition to determine exhaustion.  Given this admission, because new facts will render a

15   claim unexhausted only if they "fundamentally alter the legal claim already considered by the

16   state courts," it is hard to imagine how respondent has a good faith basis to argue that every one

17   of petitioner's sixteen affected claims are unexhausted.  <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257-

18   58 (1986).[5]  Additional briefing will be ordered to address these issues.

19   III.    <u>Amendment to Add Lethal Injection Claim</u>

20          In his reply brief, petitioner states: "If the Supreme Court ultimately decides that

21   condemned inmates can challenge execution protocols through § 1983 suits, Petitioner will

22   withdraw his lethal injection claim."  May 17, 2006 Reply to Opp'n at 2.  The Supreme Court has

23

24       [5] In his opposition to the motion to amend, respondent frames his argument as follows:
     "In light of the fact that the factual allegations that Petitioner seeks to add are unexhausted, it
     would be futile to permit amendment in order to add them."  Opp'n at 8.  Respondent is
25   reminded that claims, not facts, must be exhausted.  <u>See</u> <u>Batchelor v. Cupp</u>, 693 F.2d 859, 862
     (9th Cir. 1982).  Further, as stated above, the addition of new facts to a claim does not
26   necessarily render it unexhausted.

1    just decided this question.  A challenge to a lethal injection protocol may be made in a suit under

2    42 U.S.C. § 1983.  Hill v. McDonough, No. 05-8794, 2006 WL 1584710 (U.S. June 12, 2006).

3    Petitioner shall be provided an opportunity to confirm to the court that he will withdraw claim

4    DDD from his motion to amend the petition.

5              For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED

6    as follows:

7         1.    Within five days of the filed date of this order, petitioner shall either file a

8               notice that he is withdrawing claim DDD from his motion to amend the

9               petition or a statement of reasons it should remain.

10        2.    Within twenty days of the filed date of this order, respondent shall file a

11              memorandum of points and authorities that specifically identifies each

12              claim in the proposed second amended petition he asserts is unexhausted

13              and explains the basis for each assertion.  Within twenty days of the filing

14              of respondent's memorandum, petitioner shall file a memorandum

15              responding to the exhaustion issues and making any argument that the

16              stay/abeyance procedure should apply.[6]  Within twenty days of the filing of

17              petitioner's responsive memorandum, respondent shall file any reply on

18              the exhaustion issues and a responsive memorandum on the stay/abeyance

19              issue.  Within ten days of the filing of respondent's reply brief, petitioner

20              may file a reply regarding the stay/abeyance issues.

21        3.    After submission of the briefs described in paragraph 2, the undersigned

22              will resolve petitioner's motion to amend the petition.

23    /////

24    _____

25    [6] At the hearing, petitioner's counsel mentioned the "failure to develop" issue of 28
      U.S.C. § 2254(e)(2).  It is premature to consider issues regarding any motion for evidentiary
      hearing at this point.  The undersigned will not consider that issue until it is properly before the
26    court on a motion.

9

1          4.     Because this proceeding may be stayed pending exhaustion, respondent

2              need not at this time respond to petitioner's motion for an evidentiary

3              hearing.  The July 5, 2006 due date for the opposition, set out in the

4              court's May 12, 2006 order, is vacated.

5  DATED:  June 15, 2006.

6

7                                      _____
                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11  alvarezamend.or

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26