UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MACHADO ALVAREZ,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN, San Quentin State Prison,<br><br>        Respondent. | No.  2:97-cv-1895 KJM KJN P<br><br>**DEATH PENALTY CASE**<br><br><u>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO VACATE FINDINGS AND RECOMMENDATIONS AND TO DISMISS PETITION AS MOOT</u><br><br><u>FOURTEEN (14) DAY OBJECTION PERIOD</u> |

      Petitioner was sentenced to death following a number of convictions in 1989 arising from a series of events occurring in Sacramento County in May 1987.  On April 3, 2019, the undersigned issued Findings and Recommendations addressing the merits of the claims asserted in Petitioner's petition for writ of habeas corpus.  (ECF No. 364.)  Following a number of unopposed requests for extension of time, Petitioner's objections were to be filed no later than September 22, 2020.  (ECF No. 374.)  On August 3, 2020, Petitioner's counsel filed a Motion to Vacate Findings and Recommendations and Dismiss Petition as Moot.  (ECF No. 375.)  On August 25, 2020, a Supplemental Exhibit in Support of Motion to Vacate Findings and Recommendations and Dismiss Petition as Moot was filed with the court.  (ECF No. 376.)  No response has been filed by Respondent.

1

As noted in the motion filed August 3, 2020, and as confirmed by the Supplemental Exhibit thereto, Petitioner Manuel Machado Alvarez died July 3, 2020, of complications of COVID-19.

As this court previously held:

> Federal courts have jurisdiction to hear cases and controversies. U.S. CONST. art. III, § 2. An actual controversy must exist between the parties throughout all stages of the proceeding. Alvarez v. Smith, ___U.S.___, 130 S. Ct. 576, 580 (2009). An action becomes moot when the issues "are no longer 'live,'" i.e., when the "parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). I[n] these habeas proceedings the relief sought, i.e., petitioner's immediate release from custody, is unique to the petitioner himself and cannot be transferred. "In other words, the claims [are] extinguished upon [a] petitioner's death and no party can be substituted for him." Pennewell v. Carey, No. 2:06-cv-0598 JKS EFB, 2008 WL 1860166, at * 1 (E.D. Cal. Apr. 23, 2008) (citing Fed. R. Civ. P. 25(a)). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005). See also Dove v. United States, 423 U.S. 325 (1976) (dismissing a certiorari petition because petitioner had died); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003) (dismissing a petition for writ of habeas corpus as moot because petitioner had died).

Germino v. Marshall, No. CIV S-08-3010, 2010 WL 5393907, at *1 (E.D. Cal. Dec. 21, 2010).

Here, because an actual controversy no longer exists as a result of Petitioner's death, the petition for writ of habeas corpus is moot; Petitioner's claims have been extinguished.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion (ECF No. 375) be granted;

2. The Findings and Recommendations dated April 3, 2019 (ECF No. 364) be vacated; and,

3. The action be dismissed as having been rendered moot by Petitioner's death.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 10, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/alva1895.fr